JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

cc: order, docket, remand letter to Los Angeles Superior Court, South District, Long Beach No. 12 U 00076

| | |
|---|---|
| **CASE NO.:** CV 12-09358 SJO (JCx) | **DATE:** November 7, 2012 |
| **TITLE:** The Bank of New York Mellon v. Maria Gallardo, et al. | |

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz
Courtroom Clerk

Not Present
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**

Not Present

**COUNSEL PRESENT FOR DEFENDANTS:**

Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** [Docket No. 1]

This matter is before the Court on Defendant Maria Gallardo's ("Defendant") Notice of Removal ("Notice"), filed October 31, 2012. For the following reasons, the Court **REMANDS** this action to the Superior Court of California for the County of Los Angeles.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Defendant possessed real property located at 1905 Canal Avenue, Long Beach, California 90810. (Notice Ex. A ("Compl.") ¶ 4.) On October 21, 2011, Plaintiff Bank of New York Mellon ("Plaintiff") acquired title to the property in a foreclosure sale. (Compl. ¶ 5.) Despite the transfer of title, Defendant remained in possession of the subject property. (Compl. ¶ 6.) On November 10, 2011, Plaintiff served Defendant with a Three-Day Notice to Quit, demanding that Defendant and all occupants relinquish possession of the property. (Compl. ¶ 6.) Defendant failed to do so. (Compl. ¶ 8.)

On January 9, 2012, Plaintiff filed its Complaint in Los Angeles County Superior Court. The Complaint asserts a claim for unlawful detainer against Defendant. (*See generally* Compl.) Defendant timely removed this action to federal court, asserting removal jurisdiction pursuant to 28 U.S.C. § 1331. (Notice ¶ 4.)

II.    DISCUSSION

"[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). A district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The Court finds it appropriate to determine, *sua sponte*, whether it has subject matter jurisdiction over this action.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

CASE NO.: <u>CV 12-09358 SJO (JCx)</u>  DATE: <u>November 7, 2012</u>

    A.    <u>Defendant's Notice of Removal</u>

28 U.S.C. § 1441 provides that a defendant may remove an action to federal court only where the federal court would have had jurisdiction if the action had been brought there originally. 28 U.S.C. § 1441(a). It is well established, however, that courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted).

    1.    <u>Federal Question Jurisdiction</u>

Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). Pursuant to the well-pleaded complaint rule, a case may not be removed to federal court on the basis of a federal defense to a state-law claim. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). The well-pleaded complaint rule makes a plaintiff the "master of his complaint" such that a plaintiff may avoid federal jurisdiction by pleading only state-law claims. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

It is undisputed that the Complaint asserts only a claim for unlawful detainer pursuant to California Civil Procedure Code Section 1161. (*See generally* Notice; Compl.) Since it arises under California law, "a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law." *Aurora Loan Servs., LLC v. Montoya*, No. 2:11-CV-2485, 2011 WL 5508926, at *3 (E.D. Cal. Nov. 9, 2011). Accordingly, it would appear that the Court does not have federal question jurisdiction over this unlawful detainer claim.

Defendant contends, however, that the action necessarily raises a federal issue. First, Defendant argues that Plaintiff's claim raises a federal issue because the cause of action is a Protecting Tenants at Foreclosure Act of 2009 ("PTFA") claim that has been disguised as a unlawful detainer claim. (Notice ¶ 6.) Second, Defendant argues that even if the claim is a state-law claim, it is one that necessarily requires the resolution of the substantial federal issue of whether Plaintiff complied with certain notice and filing requirements of the PTFA. (Notice ¶¶ 7-8.)

Defendant's arguments are unpersuasive. First, Plaintiff's claim cannot possibly be a PTFA claim because PTFA does not create a private right of action. *BDA Inv. Props. LLC v. Sosa*, No. CV 11-03684, 2011 WL 1810634, at *3 (C.D. Cal. May 12, 2011); *Wescom Credit Union v. Dudley*, No. CV 10-8203, 2010 WL 4916578, at *3 (C.D. Cal. Nov. 22, 2010). Second, whether Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

CASE NO.: <u>CV 12-09358 SJO (JCx)</u>     DATE: <u>November 7, 2012</u>

complied with the notice and filing requirements of PTFA is a defense to the unlawful detainer claim, not a necessary element of the unlawful detainer claim. *Aurora Loan Servs.*, 2011 WL 5508926, at *3; *Wescom Credit Union*, 2010 WL 4916578, at *2. Under the well-pleaded complaint rule, such a federal-law defense does not support federal question jurisdiction. Defendant has failed to show that the Complaint requires the resolution of any substantial issue of federal law, and the Court therefore lacks federal question jurisdiction over this action.

    2.    <u>Diversity Jurisdiction</u>

28 U.S.C. § 1332 vests federal courts with jurisdiction over actions where there is complete diversity of citizenship among the parties and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). In order for a court to have § 1332 jurisdiction, the party asserting federal jurisdiction must establish that the action meets both the amount in controversy requirement and the complete diversity of citizenship requirement. *Id.*

Defendant presents no evidence that the amount in controversy exceeds the jurisdictional minimum. In fact, the Complaint specifically states that the amount in controversy does not exceed $10,000. (Compl. 1.) Accordingly, Defendant fails to show that the amount in controversy exceeds $75,000, and the Court therefore lacks diversity jurisdiction over this action.

Because Defendants failed to prove that the amount in controversy exceeds the jurisdictional minimum, the Court declines to reach the issue of whether there is complete diversity of citizenship amongst the parties.

III.    <u>RULING</u>

For the foregoing reasons, the Court **REMANDS** this action to the Superior Court of California for the County of Los Angeles. This action shall close.

IT IS SO ORDERED.